UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE A. BELL,

          Plaintiff,

v.

HEIDI WASHINGTON, et al.,

          Defendants.

Case No. 2:21-cv-12481

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER
GRANTING MOTION TO DISMISS [21]**

    Plaintiff Tyrone Bell, a prisoner confined to the Michigan Department of Corrections, filed a pro se amended complaint under 42 U.S.C. § 1983 against several defendants including David Theut. ECF 17. Defendant Theut moved to dismiss the claims on several grounds. ECF 21. Plaintiff opposed the motion. ECF 27. For the following reasons, the Court will grant the motion to dismiss.[1]

**BACKGROUND**

    After a misconduct report charged Plaintiff with assault and battery on a fellow inmate, Plaintiff was placed in segregated confinement. ECF 17, PgID 232. During an administrative hearing, Defendant Theut—an administrative law judge and hearing officer at the prison—reviewed the charge. *Id.* at 234–35; *see also* ECF 21, PgID 336. While acting within his judicial authority, Defendant Theut ruled

---

[1] The Court need not hold a motion hearing because Plaintiff is an incarcerated pro se litigant. E.D. Mich. L.R. 7.1(f)(1).

1

on evidentiary issues. ECF 17, PgID 234–35. Specifically, Defendant Theut denied "the usage of the security surveillance footage." *Id.* at 235. As Plaintiff put it, the video "support[ed] [his] state of mind" during the incident, and Defendant Theut's ruling denied him the "right to present his defense." *Id.* at 234–35. Plaintiff was later found guilty of assault and battery and sentenced to thirty days of "administrative segregation." *Id.* at 235.

Plaintiff alleged other issues, but only the evidentiary rulings involve Defendant Theut. *Id.* And although Plaintiff introduced various claims against other Defendants, Plaintiff raised only equal protection and denial of due process claims against Defendant Theut. *Id.* at 239, 244, 248–250. Defendant Theut timely moved to dismiss Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF 21.

## LEGAL STANDARD

The Court must liberally construe a pro se litigant's pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). Still, the Court may grant a Rule 12(b)(6) motion to dismiss if a pro se complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)); *see Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (explaining that pro se litigants are expected to follow the Court's procedural rules). The Court views the complaint in the light most favorable to the plaintiff, presumes

2

the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## DISCUSSION

Plaintiff sought money damages and declaratory judgments against Defendant Theut. The Court will address each in turn.

I. <u>Money Damages</u>

Judges sued in their individual capacity generally have absolute immunity from money damage claims under § 1983. *See DePiero v. City of Macedonia*, 180 F.3d 770, 783 (6th Cir. 1999). "This far-reaching protection is justified by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Id.* (quotation marks and quotation omitted).

Michigan prison hearing officers are considered judicial officers and are protected by absolute immunity. *Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988) (concluding that Michigan hearing officers are "similar to . . . an administrative law judge" because they are independent attorneys guided by procedural rules, and their decisions are subject to appellate review) (citation omitted). A plaintiff can overcome absolute immunity in two circumstances: (1) actions not taken in the judge's judicial

3

capacity; or (2) actions taken in the absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citation omitted).

As a Michigan prison hearing officer, Defendant Theut is absolutely immune from Plaintiff's money damage claims under § 1983. For Plaintiff to overcome the immunity, Plaintiff must plausibly allege that Defendant Theut's evidentiary rulings fall within one of the two exceptions. But Plaintiff made no such allegations. Besides, Defendant Theut's actions were "a function normally performed by a judge." *Mireles*, 502 U.S. at 12 (quotation omitted); *see also Shelley*, 849 F.2d at 230 (identifying evidentiary rulings as a judicial duty of a hearing officer). Jurisdiction was proper and Defendant Theut acted within his judicial authority.

Plaintiff argued that Defendant Theut's findings of fact misrepresented the video evidence that "constitut[ed] a nonjudicial act because it [was] an act of fraud . . . ." ECF 27, PgID 387. But the Court cannot consider the new allegations beyond the complaint because doing so would convert Defendant Theut's Rule 12(b)(6) motion into one for summary judgment. *See Mediacom Se. LLC v. BellSouth Telecomms., Inc.*, 672 F.3d 396, 399 (6th Cir. 2012) (citation omitted). Although the Court may consider items appearing in the record of the case, those items must be "referred to in the complaint and [] central to the claims contained therein." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (citing *Bassett*, 528 F.3d at 430). But even if the Court liberally construed the complaint to have alleged the new allegations, reference to Defendant Theut's alleged misrepresentation simply cannot overcome judicial immunity. A judge is not stripped of immunity for

4

erroneous, corrupt, or even malicious actions when acting within his or her judicial authority. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (citations omitted).

If Plaintiff were to sue Defendant Theut in his official capacity, Plaintiff's claims for money damages would be barred by the Eleventh Amendment. Without a State's consent or congressional abrogation, the Eleventh Amendment prohibits money damage actions against States in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). "This bar remains in effect when [S]tate officials are sued for damages in their official capacity." *Id.* As a hearing officer, Defendant Theut is a State official. And the State has neither consented to the suit nor has Congress abrogated the State's immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that the language of § 1983 "falls far short" of congressional abrogation). The Court will therefore dismiss Plaintiff's claims for money damages.

II.  Declaratory Relief

Next, Plaintiff requested that the Court issue declaratory judgments stating that Defendant Theut denied Plaintiff due process of the law and equal protection. ECF 17, PgID 248–50. The Court will dismiss the requests.

To start, Defendant Theut argued that Congress extended absolute immunity to suits for injunctive relief. ECF 21, PgID 342. Admittedly, § 1983 bars suits for injunctive relief against judicial officers "unless a declaratory decree was violated or declaratory relief was unavailable." The statutory language implicitly recognizes that declaratory relief against a judicial officer is sometimes available. *See Ward v. City of Norwalk*, 640 F. App'x 462, 467 (6th Cir. 2016); *see also Cooper v. Rapp*, 702 F. App'x

5

328, 333 (6th Cir. 2017) (collecting cases). Still, Plaintiff's claims are merely speculative and fail under Rule 12(b)(6).

    A.    *Due Process*

Plaintiff did not specify whether Defendant Theut's actions constituted a procedural due process violation or a substantive due process violation. *See* ECF 17, PgID 250. Still, the Court will dismiss both potential claims.

A plaintiff must support a procedural due process claim under § 1983 with plausible allegations that the State's judicial process did not afford adequate procedures prior to depriving him of a protected interest. *Med Corp. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002) (citation omitted). Plaintiff alleged only that Defendant Theut failed to conduct Plaintiff's misconduct hearing in accordance with the "hearings handbook." ECF 17, PgID 234. But Plaintiff never specified the procedures within the handbook that Defendant Theut violated. *See id.* Without alleging that Plaintiff was denied a hearing or some other procedural right, Plaintiff failed to state a valid procedural due process claim.

For a viable substantive due process claim under § 1983, a plaintiff must allege that he was deprived of a constitutional right by a person acting under State law. *Doe v. Wigginton*, 21 F.3d 733, 738 (6th Cir. 1994). Yet Plaintiff did not allege that Defendant Theut deprived him of any fundamental right. Even if Plaintiff alleged such a deprivation, Defendant Theut's routine evidentiary rulings fell far short of substantive due process violations. *See Grinter v. Knight*, 532, F.3d 567, 574 (6th Cir. 2008) (holding that a prison officer's alleged failure "to follow proper procedures" does

not violate a pro se prisoner's substantive due process rights) (citation omitted). And Defendant Theut's conduct simply did not rise to the level of a substantive due process violation. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (holding that a substantive due process right is violated if a government official's behavior is so egregious that it "shocks the conscience") (citation omitted). The Court will therefore dismiss Plaintiff's due process claims.

### B.     Equal Protection

"The Equal Protection Clause prevents [S]tates from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010) (citation omitted).

As set forth earlier, Plaintiff never alleged that Defendant Theut violated any fundamental right. Further, Plaintiff never alleged how Defendant Theut intentionally treated him differently from similarly situated prisoners without a rational basis for doing so. *See generally* ECF 17. And as to Plaintiff's claim of "invidious discrimination," *id.* at 244, Plaintiff's allegations are conclusory. *See Nali v. Ekman*, 355 F. App'x 909, 913 (6th Cir. 2009) ("[C]onclusory allegations of discriminatory intent without additional supporting details does not sufficiently show that the pleader is entitled to relief.") (citation omitted). In all, Plaintiff failed to state a plausible equal protection claim. The Court will thus grant Defendant Theut's motion to dismiss.

# ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [21] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Theut is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 29, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 29, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager