UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE A. BELL,

          Plaintiff,

v.

HEIDI WASHINGTON, et al.,

          Defendants.

Case No. 2:21-cv-12481

HONORABLE STEPHEN J. MURPHY, III

/

**OPINION AND ORDER
GRANTING MOTION TO DISMISS [24]**

Plaintiff Tyrone Bell, a prisoner confined by the Michigan Department of Corrections, filed a pro se amended complaint under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA") against several defendants including Corizon. ECF 17. Corizon moved to dismiss both claims under Federal Rule of Civil Procedure 12(b)(6). ECF 24. Plaintiff failed to timely respond to the motion, and so the Court will consider the motion unopposed. For the following reasons, the Court will grant the motion to dismiss.[1]

## BACKGROUND

After prison officials placed Plaintiff in segregated confinement for assault and battery, health workers allegedly denied Plaintiff adequate medical treatment for his "spinal condition." ECF 17, PgID 232, 239–41. As Plaintiff put it, the condition limits

---

[1] The Court need not hold a motion hearing because Plaintiff is an incarcerated pro se litigant. *See* E.D. Mich. L.R. 7.1(f)(1).

1

his ability to "stand, walk, bend, lift, twist, lay down, and sleep" and qualifies as a disability under the ADA. *Id.* at 241. Plaintiff sought money damages against Corizon "for failure to properly train its medical personnel on how to treat an American with [a] [d]isability." *Id.* at 251. Plaintiff also requested that the Court issue a declaratory judgment stating that the actions of Corizon's employees constituted "deliberate indifference." *Id.* at 249.

## LEGAL STANDARD

The Court must liberally construe a pro se litigant's pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). Still, the Court may grant a Rule 12(b)(6) motion to dismiss if a pro se complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)); *see Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (explaining that pro se litigants are expected to follow the Court's procedural rules). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

**DISCUSSION**

The Court will dismiss the ADA claim. After, the Court will dismiss the § 1983 claim.

I.  ADA

Plaintiff claimed that Corizon's failure to properly train its staff violated Title II of the ADA. ECF 17, PgID 229, 251.

For a viable Title II claim under the ADA, a plaintiff must plausibly allege that (1) he has a disability, (2) he is otherwise qualified, and (3) defendants denied him participation or benefits from their services, programs, or activities, or discriminated against him because of his disability. *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015) (citation omitted).

But only public entities are subject to Title II. *See* 42 U.S.C. § 12132. Title II provides that no person with a disability "shall . . . be excluded from participation in or be denied the benefits of the services, programs, or activities of a *public entity* . . . ." *Id*. (emphasis added). A public entity is either "any State or local government" or "instrumentality" of the State government. § 12131(1)(A)–(B). Title II applies to State prisons and its inmates. *Mingus v. Butler*, 591 F.3d 474, 482 (6th Cir. 2010) (citation omitted). But a private company that contracts with a State prison and provides governmental services within the prison is not considered a public entity under Title II. *Cox v. Jackson*, 579 F. Supp. 2d 831, 852 (E.D. Mich. 2008) (citations omitted).

Although Plaintiff plausibly alleged that his spinal condition qualifies as a disability, ECF 17, PgID 241, Corizon is not a public entity and therefore not subject to Title II. Put simply, Corizon—a private healthcare company—did not become a public entity by contracting with the State government to provide health services to prison inmates. *See Cox*, 579 F. Supp. 2d at 852; *see also Wilson v. Mich. Dep't of Corr.*, No. 2:18-CV-10008, 2019 WL 5800292, at *4 (E.D. Mich. June 6, 2019) (Dawkins Davis, J.) (collecting cases), *R. & R. adopted in part by* 2019 WL 3759424, at *4 (E.D. Mich. Aug. 9, 2019) (Murphy, J.) (Corizon "is not a public entity for purposes of the ADA.") (citation omitted). Plaintiff's ADA claim against Corizon therefore fails and the Court will dismiss it.

II. Section 1983

Plaintiff sought money damages under § 1983 for Corizon's alleged deliberate indifference. ECF 17, PgID 249, 252.

Under § 1983, a municipality is liable for money damages or other prospective relief only when the municipality itself causes the constitutional violation at issue. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694–95 (1978). "Respondeat superior . . . liability will not attach under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 386 (1989) (citing *Monell*, 436 U.S. at 649–95). Although *Monell* involved municipality liability, a private corporation, like Corizon, cannot face respondeat superior liability under § 1983. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817–18 (6th Cir. 1996) (collecting cases).

To prevail on a deliberate indifference claim against Corizon, Plaintiff must show that Corizon "had a 'policy or custom' that caused the violation of [Plaintiff's] rights." *Griffith v. Franklin Cnty.*, 975 F.3d 554, 581 (6th Cir. 2020) (quoting *Monell*, 436 U.S. at 694). Plaintiff must specifically "identify the policy, connect the policy to [Corizon] and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quotation omitted).

But Plaintiff failed to identify a specific Corizon policy that caused the alleged constitutional violation. Rather, Plaintiff merely stated that Corizon's "failure to properly train its medical personnel" caused him "unnecessary and wanton pain and suffering." ECF 17, PgID 251. Although inadequate training may constitute a policy or custom, a corporation's "culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citation omitted). Thus, Plaintiff must support the deliberate indifference claim based on an inadequate training policy with plausible allegations that Corizon's untrained employees exhibited a pattern of committing the constitutional violations at issue. *See id.* at 62. Plaintiff alleged no such pattern. *See generally* ECF 17. The Court will therefore dismiss the deliberate indifference claim against Corizon and grant the motion to dismiss.[2]

---

[2] Because the declaratory relief that Plaintiff requested was directed towards Corizon's staff, ECF 17, PgID 249, not Corizon itself, the Court does not address the declaratory relief claim.

5

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [24] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Corizon is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: June 29, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 29, 2022, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager